UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IYABO ALABI-ISAMA,

                        Plaintiff,                     **MEMORANDUM & ORDER**
                                                                                07-CV-02107 (NGG) (LB)
-against-

ST. VINCENT CATHOLIC MEDICAL CENTERS,

                        Defendant.
-----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      On August 12, 2008, Magistrate Judge Bloom denied pro se Plaintiff Iyabo Alabi-Isama's motion to change venue to the Southern District of New York. (See Docket #s 40, 43.) Plaintiff then moved for reconsideration and Judge Bloom's recusal. Judge Bloom denied both motions. (See Docket #s 47, 50.) Plaintiff wrote two letters dated August 27, 2008 to this Court requesting "final decision" on these motions, as well as a related letter to the Federal Judicial Grievance Committee requesting an interlocutory appeal that was forwarded to this Court. (See Docket # 48.) The Court construes this correspondence as an effort to appeal Judge Bloom's decisions to this Court. See, e.g., Vanhorne v. New York City Transit Auth., 273 F.Supp.2d 209, 213 (E.D.N.Y. 2003) ("in pro se cases, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers,' and should read a pro se party's 'supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest.'") (internal citations omitted).

      The Court has reviewed Plaintiff's Motion for Change of Venue and Motion for Recusal of Magistrate Judge Bloom, and finds that both motions are without merit. Decisions of the designated magistrate judge on non-dispositive motions are reversible only where "clearly

erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see Wynder v. McMahon, No. 99-CV-772-ILG, 2008 WL 111184 at *1 (E.D.N.Y. Jan. 9, 2008). Plaintiff has demonstrated no error and no basis for Judge Bloom's recusal. Therefore, the Court finds no reversible error and Plaintiff's requests for relief are DENIED.[1]

SO ORDERED.

Dated: September 5, 2008
Brooklyn, N.Y.

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[1] Contrary to Plaintiff's impression as expressed in her letter of August 27, 2008, it is not likely that this Order – which is considered "interlocutory"– provides an appropriate basis for an appeal to the Second Circuit. (See Plaintiff's Aug. 27 Letter.) While Plaintiff certainly is entitled to pursue an appeal, the Court notes that interlocutory appeals will be heard only in very limited circumstances. See 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States. . .") (emphasis added); see also Citizens Accord, Inc. v. Town of Rochester, 235 F.3d 126, 128 (2d Cir. 2000) (reviewing the restrictions on interlocutory appeals and explaining that "[a] 'final' judgment or order is one that conclusively determines the pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision.").